UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE L. NELSON,

        Plaintiff,

v.

        CASE NO. 4:25-cv-10709
        HONORABLE F. KAY BEHM

HAWKINS, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    INTRODUCTION**

Michigan prisoner DeAndre L. Nelson ("Plaintiff"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Michigan Department of Corrections (MDOC) employees at the Charles Egeler Reception & Guidance Center violated his First Amendment right to free exercise of religion by denying his attendance to more than one religious service outside his designated denomination. ECF No. 1. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. ECF No. 6. For the reasons stated below, the Court dismisses the complaint for failure to state a claim upon which relief can be granted.

## II.     FACTS

Plaintiff states that MDOC defendants Grievance Coordinator Hawkins, Assistant Deputy Warden B. Simmons, Chaplain Harvey, and Grievance Coordinator T. Chrisman violated his First Amendment rights under the Free Exercise Clause by denying him his right to attend a religious service of his choosing. *See* ECF No. 1, PageID.3. Plaintiff's documentation attached to his Complaint shows that he is declared Jewish but requested to attend a Protestant or Muslim service on December 19, 2023, and requested to attend a Protestant service on September 4, 2024. ECF No. 1-1, PageID.8-9. Plaintiff's requests to attend these services were denied because he is declared as Jewish. Plaintiff appears to sue all Defendants for denying his request to attend two or more religious services. He appears to sue Defendants Hawkins, Simmons, and Chrisman for the denial of his grievances. He sues Defendants in their official capacities only. He seeks monetary and declaratory relief.

## III.    LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

2

immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

3

cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## IV. FAILURE TO STATE A CLAIM

Plaintiff's sole claim asserts a violation of the Free Exercise Clause under the First Amendment. The Free Exercise Clause of the First Amendment to the United States Constitution provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. Const. amend. I; *see also Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940) (holding that the Fourteenth Amendment incorporates the First Amendment's protections against states).

It is well established that prisoners do not lose their First Amendment rights by virtue of their incarceration. *See Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). Convicted prisoners retain all First Amendment rights not inconsistent with their

4

status as prisoners. *See Burton v. Nault*, 902 F.2d 4, 5 (6th Cir. 1990); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (noting that while "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely "exercise their religion"). However, the rights are not absolute and may be subjected to reasonable restrictions and limitations as necessitated by the circumstances of prison life. *See Abdur-Rahman v. Michigan Dept. of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995). Thus, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

To establish that this right has been violated, the plaintiff must show that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) the defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987). The next consideration is "whether the challenged practice of the prison officials infringes on the religious belief." *Kent*, 821 F.2d at 1224–25. A practice will not be considered to infringe on a prisoner's free exercise unless it "places[s] a substantial burden on the observation of a central religious belief or practice." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989).

5

"[T]he Supreme Court has made clear that the 'substantial burden' hurdle is high." *Living Water Church of God v. Charter Twp. Of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). "[T]he Government substantially burdens an exercise of religion when it 'place[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs . . . or effectively bar[s] his sincere faith-based conduct.'" *New Doe Child #1 v. Cong. of the U.S.*, 891 F.3d 578, 589 (6th Cir. 2018) (quoting *Haight v. Thompson*, 763 F.3d 554, 565 (6th Cir. 2014)). It "is a difficult threshold to cross." *Living Water Church of God*, 258 F. App'x at 736.

In the present case, Plaintiff fails to allege facts suggesting that his attendance at a Protestant or Muslim service was a sincerely held belief for him. It is evident from the Complaint that Plaintiff has declared himself as Jewish. *See* ECF No. 1-1, PageID.8. He fails to provide any allegations of seeking conversion to either of these other religions. Indeed, Plaintiff's Complaint is devoid of any allegations that he holds a sincere belief in the Protestant or Muslim religions. Accordingly, he has not sufficiently alleged any violations under the Free Exercise Clause.

Furthermore, even if Plaintiff has a sincerely held belief in the attendance of either of Protestant or Muslim services, he failed to allege facts suggesting that Defendants substantially burdened the practice of his religion. A defendant

6

substantially burdens sincerely held religious beliefs when he or she "put[s] substantial pressure on an adherent to modify his religious behavior and to violate his beliefs." *Kent*, 821 F.2d at 1224. Courts have consistently found that isolated acts or omissions do not create a substantial burden on the First Amendment free exercise of religion. *Gunn v. Kentucky*, No. 5:07CV–P103–R, 2010 WL 2555756, at *5 (W.D. Ky. June 18, 2010); *see Randall v. McLeod*, No. 95–10106, 1995 WL 581973, at *4 (5th Cir. Sept. 15, 1995) (affirming the district court's dismissal based on plaintiff's not getting a pork-free meal on two occasions); *White v. Glantz*, No. 92–5169, 1993 WL 53098, at *2 (10th Cir. Feb. 25, 1993) (finding an "isolated occurrence of being given two meals with green beans and bacon" did not violate a Muslim inmate's First Amendment rights); *Greenberg v. Hill*, No. 2:07–CV–1076, 2009 WL 890521, at *6 (S.D. Ohio Mar. 31, 2009)("[I]solated or sporadic government action or omission is de minimis and does not constitute a 'substantial burden.'"). Plaintiff's Complaint pertains to two sporadic instances of the denial of religious services nearly one year apart. ECF No. 1-1, PageID.8, 9. These actions are not sufficient to state a claim for violation of the First Amendment.

Lastly, to the extent that Plaintiff sues Defendants Hawkins, Simmons, and Chrisman for reviewing and denying his grievances, he fails to state a claim. A

7

plaintiff in a § 1983 case must show that a named defendant was personally involved in the allegations underlying the complaint. *Rizzo v. Goode*, 423 U.S. 362, 372 (1976) (finding no liability where "[n]o specific instances involving the individual respondents were set forth in the prayer for injunctive relief against the judicial officers"); *see also Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

When considering whether an inmate can sue a reviewer for the denial of a grievance, the Sixth Circuit has held that the "denial of [a plaintiff's] grievance appeal, it is clear, fails to state a claim." *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006); *see also Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prisoner's claims against defendants whose only involvement was the denial of administrative remedies failed as a matter of law). Plaintiff alleges no other action by these Defendants apart from the denial of grievances.  Accordingly, he does not state a claim upon which relief can be granted for this reason as well.

## V.   CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his pleadings. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court further concludes that an appeal from this decision would be frivolous and cannot be taken in good faith.  *See* 28

8

U.S.C. § 1915(a)(3).  This case is closed.

**IT IS SO ORDERED**.

Dated:  September 16, 2025	s/F. Kay Behm
	F. Kay Behm
	United States District Judge